Harold Richard Dunn *v.* Commonwealth of Pennsylvania and Merck & Company, Inc. Commonwealth of Pennsylvania, Appellant.

Harold Richard Dunn *v.* Commonwealth of Pennsylvania and Merck & Company, Inc. Merck & Company, Inc., Appellant.

Argued February 5, 1979, before Judges ROGERS, DiSALLE and MacPHAIL, sitting as a panel of three.

*Sandra S. Christianson,* Assistant Attorney General, for appellant, Commonwealth.

*Peter J. Fagan,* with him *Feldmann and Ciotola,* for appellant, Merck & Company, Inc.

*George J. Nagle,* for appellee.

OPINION BY JUDGE ROGERS, March 5, 1979:

This matter, arising under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq., was the subject of *Dunn v. Merck & Company, Inc.,* 463 Pa. 441, 345 A.2d 601 (1975), to which reference may be had for a history of the litigation down to the date of that decision. The Supreme Court in the decision just cited vacated this Court's order affirming an order of the Workmen's Compensation Appeal Board dismissing Harold R. Dunn's claim for compensation and remanded the record to the Board "so that it may decide whether Dunn had proved the existence of pulmonary emphysema and whether such pulmonary emphysema was caused by his employment with Merck. In the event the Board determines that Dunn had sufficiently demonstrated the existence of pulmonary emphysema and that his employment was the cause thereof, we

then direct the Board to conduct a new hearing at which Dunn may endeavor to prove his pulmonary emphysema is peculiar to his occupation by its 'causes and the characteristics of its manifestation'." 463 Pa. at 447-48, 345 A.2d at 604.[1]

The Workmen's Compensation Appeal Board duly reviewed the record and decided that the claimant had proved the existence of pulmonary emphysema and that such pulmonary emphysema was caused by his employment with Merck & Company, Inc. The Board then, still in compliance with the Supreme Court's order, referred the matter to a referee for hearings on the subject of whether the pulmonary emphysema was peculiar to the claimant's occupation by its causes and the characteristics of its manifestation. Additional medical evidence was introduced by the claimant at the referee's hearing. The referee found that the claimant's pulmonary emphysema was not peculiar to his occupation and dismissed the claim petition. The claimant appealed the referee's decision to the Workmen's Compensation Appeal Board which vacated the referee's finding just mentioned, substituted its finding that the claimant's pulmonary emphysema was peculiar to his occupation with Merck & Company, Inc. and awarded compensation for total disability. Merck & Company, Inc. and the Commonwealth of Pennsylvania, which was required to share in the cost of award pursuant to Section 308(a) of The Pennsylvania Occupational Disease Act, 77 P.S. §1408(a), have appealed.

---

[1] It will be recalled that in *Utter v. Asten-Hill Mfg. Co.*, 453 Pa. 401, 309 A.2d 583 (1973), the Supreme Court held that despite the language of Section 108(n) of the Act, 77 P.S. §1208(n), to the effect that diseases which are common to the general population are not compensable, they will be compensable if they can be proved to be peculiar to the claimant's occupation by their causes and the characteristics of their manifestation.

The Workmen's Compensation Appeal Board remains the ultimate fact finder with respect to claims under The Pennsylvania Occupational Disease Act, under Section 423 of that Act, 77 P.S. §1523. *Dunn v. Merck & Company, Inc., supra.*

Merck & Company, Inc. contests the Appeal Board's finding that the claimant suffered from pulmonary emphysema and that the condition was caused by the claimant's employment and its finding that the claimant had established that his pulmonary emphysema was peculiar to his occupation by its causes and the characteristics of its manifestation. The Commonwealth contests only the second finding just mentioned.

The Workmen's Compensation Appeal Board's finding that Mr. Dunn suffered from pulmonary emphysema and that his condition was caused by the inhalation of toxic fumes during his employment with Merck & Company, Inc. is amply supported by the testimony of the claimant's treating physician, Dr. Victor J. Baluta, at hearings conducted on January 12, 1968 and March 12, 1969. On the latter occasion Dr. Baluta testified that the inhalation of toxic fumes causes bronchitis which eventually limits the amount of air a person can get into the air sacs of the lungs which causes emphysema. He repeatedly gave as his opinion that this is what happened to Mr. Dunn—that toxic fumes which he inhaled at Merck & Company, Inc. induced his toxic emphysema.

The Board's finding that Mr. Dunn's condition of pulmonary emphysema was peculiar to his occupation by its causes and the characteristics of its manifestation was also supported by substantial evidence. At the referee's hearing after the Supreme Court's remand, Dr. Lottie A. Varano testified that Mr. Dunn was suffering from pulmonary emphysema and that it was caused by his work at Merck & Company, Inc.

The doctor described Mr. Dunn's medical history, his family background and the physiological effects of the admittedly toxic chemicals with which Mr. Dunn was involved in his employment. The doctor went into particular detail concerning the diffusing capacity of the human lung, that is, the ability of the end organs of the lung, tiny air sacs, to exchange their oxygen to the blood cells just beyond the sacs. The capacity of Mr. Dunn's lungs in this respect was greatly impaired and was less than 40% of normal capacity. This marked impairment in this particular set Mr. Dunn's case apart from those cases of pulmonary emphysema suffered by the general public and due to other causes. This fact in turn led Dr. Varano to conclude that Mr. Dunn's condition was peculiar to his occupation. The case in this respect is not unlike *Utter v. Asten-Hill Mfg. Co., supra* note 1.

This case has been hotly contested from its beginning in 1967. The appellants' arguments come down finally to the proposition that the Board should have rejected Dr. Baluta's and Dr. Varano's testimony and accepted that of assertedly better qualified physicians who testified in assertedly more convincing fashion in opposition to Mr. Dunn's claim. We have reviewed the record with care and have concluded that there is sufficient evidence in the record to sustain the Board's findings.

We therefore affirm the Board's order.

Judge MacPhail dissents.

### Order

And Now, this 5th day of March, 1979, the order of the Court of Common Pleas of Northumberland County dated August 17, 1977 is affirmed; and it is ordered that judgment be and it hereby is entered in favor of Harold Richard Dunn and against Merck & Company, Inc. and the Commonwealth of Pennsyl-

vania for compensation for total disability at the rate of $50.00 per week beginning July 21, 1967 and continuing until Dunn's disability changes within the meaning of The Pennsylvania Occupational Disease Act. Merck & Company, Inc. shall pay 60% or $30.00 per week of the compensation and the Commonwealth shall pay 40% or $20.00 of the compensation. Interest shall be paid on deferred payments.